**In re CHESTER COUNTY PLASTICS, INC., Debtor.**

**Bankruptcy No. 94–11298SR.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 9, 1994.

Susan E. Sciamanna, PECO Energy Co., Legal Dept., Philadelphia, PA, for PECO Energy Co.

Matthew J. Swett, Robert H. Levin, Adelman, Lavine, Gold and Levin, Philadelphia, PA, for Chester County Plastics, Inc.

Howard T. Glassman, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Jennersville Enterprises.

Vincent J. Marriott, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, for WaWa Inc.

Jeffrey W. Garson, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, PA, for F.D.I.C.

Frederic J. Baker, Sr. Asst. U.S. Trustee, Philadelphia, PA.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

Before the Court is a contested matter initiated by the Debtor's Answer objecting to PECO Energy Company's ("PECO Energy" or "PECO") Motion for Direction of Payment of Administrative Expense. PECO Energy's Motion requests an order allowing PECO an administrative expense in the amount of $2,150.27 for post-petition utility services which PECO claims were provided to the Debtor. PECO also requests that the Debtor be ordered to pay this administrative expense, if allowed, as soon as practicable, but not later 20 days after the entry of an order allowing the administrative expense. The Debtor filed an answer objecting to allowance of the administrative expense and denying that any moneys are due and owing to PECO Energy for post-petition services. The Debtor also asserted that PECO Energy is indebted to the Debtor for damages caused by PECO to the Debtor's equipment subsequent to the commencement of the chapter 11 case. A hearing was held on October 26, 1994, to consider PECO Energy's motion.

At the hearing, PECO submitted that it had provided post-petition utility services to the Debtor, and that an outstanding balance for those services of $2,150.27 remains unpaid. Contrary to the Debtor's position in its answer, the Debtor's attorney agreed at the hearing that the Debtor is indebted to PECO Energy for post-petition services. The Debtor's attorney reasserted, however, that PECO in turn was indebted to the Debtor, in an amount greater than the administrative expense PECO is seeking, for the damages the Debtor alleges PECO caused to the Debtor's equipment post-petition. PECO Energy responded that the Debtor could not properly proceed to oppose allowance of its administrative claim by asserting this "affirmative defense." The Court took that procedural issue under advisement, and the parties subsequently submitted letter memoranda in support of their respective positions.

### Discussion

The allowance of administrative expenses is provided for by section 503, which provides in relevant part:

(b) After notice and hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for

services rendered after the commencement of the case;

11 U.S.C. § 503(b)(1)(A) (West 1993). The terms "actual and necessary," as used in section 503(b)(1), are to be narrowly construed. *Nat'l Labor Relations Board v. Walsh (In re Palau Corp.)*, 18 F.3d 746, 750 (9th Cir.1994). Administrative expenses "must be the actual and necessary costs of preserving the debtor's estate for the benefit of the creditors," i.e., the services provided must have rendered a benefit to the debtor post-petition. *Id.*

■ The Debtor's objection to PECO Energy's administrative expense claim gave rise to a "contested matter." Contested matters are governed by Rule 9014, which provides:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion. The motion shall be served in the manner provided for service of a summons and complaint by rule 7004, and, unless the court otherwise directs, the following rules shall apply: 7021, 7025, 7026, 7028–7037, 7042, 7052, 7054–7056, 7062, 7064, 7069, and 7071. *The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.* An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The clerk shall give notice to the parties of the entry of an order directing that additional rules of Part VII are applicable or that certain of the rules of Part VII are not applicable. The notice shall be given within such time as is necessary to afford the parties a reasonable opportunity to comply with the procedures made applicable by the order.

Fed.R.Bankr.P. 9014 (West 1993) (emphasis added).

PECO Energy suggests that the Court be guided by the analysis set forth in *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (Matter of TransAmerican Natural Gas Corp.)*, 978 F.2d 1409 (5th Cir. 1992). In *TransAmerican*, the creditor, Toma Steel Supply, Inc. ("Toma"), sought the allowance of a $2,288,643.45 administrative expense claim (which the Fifth Circuit later noted parenthetically nearly equalled Toma's net worth) on an expedited basis by "emergency motion." The bankruptcy court conducted an evidentiary hearing to consider Toma's administrative claim. Toma submitted evidence that it had supplied materials required by the debtor's estate for the continuation of post-petition operations. The debtor took the position that the debtor's estate had received no benefit, because the materials supplied were defective, causing damage exceeding the amount of the balance owed Toma. Although the bankruptcy court held that the purpose of the emergency hearing was limited to determining administrative expense priority, and not the issue of whether the materials were defective, both parties introduced evidence relevant to the debtor's objection. At the conclusion of the hearing, the bankruptcy court found that Toma had satisfied its burden of proving that the expenses were reasonable and necessary for the preservation of the debtor's estate. The court allowed Toma's administrative claim in full, but required the debtor to litigate the merits of its damage claim in state court. Eventually, the debtor appealed the bankruptcy court's decision to allow the administrative claim and to require the debtor to litigate the merits of its damage claim in state court to the Fifth Circuit Court of Appeals.

The Fifth Circuit began its analysis by noting that a contested matter is governed by Bankruptcy Rule 9014. The court explained that Rule 9014 does not provide for the automatic application of Bankruptcy Rule 7008, incorporating Rule 8 of the Federal rules of Civil Procedure (affirmative defenses), and that Rule 7008 only applies if the bankruptcy court so directs, and the parties are notified in accordance with Rule 9014. In discussing the proceeding below, the Fifth Circuit said

[b]ecause the bankruptcy court did not direct that Bankruptcy Rule 7008 would ap-

44

ply in the contested matter involving the [creditor's] administrative expense claim, it acted well within its discretion when it refused to make findings of facts on the merits of [the debtor's affirmative defense]. In a commendable effort to prevent this contested matter from expanding into a "full blown" trial that needlessly would have consumed its scarce resources, the bankruptcy court directed [the debtor] to litigate the merits of its state law claims in another forum.

*Matter of TransAmerican Natural Gas Corp.*, 978 F.2d at 1419.

■ A bankruptcy court has a great deal of discretion in determining whether to allow an administrative claim. *See, e.g. Nat'l Labor Relations Board v. Walsh (In re Palau Corp.)*, 139 B.R. 942, 944 (9th Cir. BAP 1992) *aff'd*, 18 F.3d 746, 750 (9th Cir.1994). In the instant case, the Court has determined that the Debtor should be allowed to assert its defense to PECO Energy's administrative claim. The Court believes the Debtor's objection and supporting evidence are relevant to the issue of whether the utility services supplied by PECO Energy benefitted the Debtor's estate, and must be considered in making that determination. *See Matter of TransAmerican Natural Gas Corp.*, 978 F.2d at 1419.

Unlike the administrative claim at issue in *TransAmerican*[1], the $2,150.27 claim asserted by PECO Energy is relatively insignificant. Likewise, since the Debtor maintains that PECO Energy caused damages of only approximately $6,000 to the Debtor's equipment post-petition, the Debtor's damage case should be relatively simple. The Court recently confirmed the Debtor's liquidating chapter 11 plan, and believes that the interests of all creditors will be better served by allowing the Debtor to assert its defense to PECO Energy's administrative expense claim. The Debtor's other creditors would be prejudiced by requiring the Debtor to incur the additional expense and inherent delay, if the Court were to require the Debt-

or to litigate the merits of its damage claim in another proceeding or forum. Accordingly, the Court, by the Order accompanying this opinion, directs and gives the parties notice, in accordance with Bankruptcy Rule 9014, that Bankruptcy Rule 7008 shall apply in the instant contested matter.

---

1. In *TransAmerican,* the creditor sought the allowance of an administrative claim which nearly equalled the net worth of the creditor, and the bankruptcy court recognized after hearing the evidence, that not only did the debtor receive a

significant benefit for the materials provided, but also that litigation of the damage claim of approximately 2.5 million dollars asserted by the debtor would be complex and expensive.